# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRYN-NICOLE JONES,
Beneficiary, trustee, grantor, donor,
Grantee of the legal estate/trust a/k/a
Derryn-Nicole Nesbitt
a/k/a Derryn N. Jones, et al.,

        Plaintiffs,

        v.

BETH A. BUCHANAN,
Individually and in her official Capacity as
Judge in United States Bankruptcy Court
Southern District of Ohio, et al.,

        Defendants.

Case No. 1:23-cv-452

Cole, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On July 18, 2023, two individuals, identified for the Court's convenience as Derryn
Jones and Dwight Jones,[1] filed a pro se application seeking to proceed *in forma pauperis*,
along with a tendered complaint against the following Defendants: U.S. Bankruptcy Judge
Beth A. Buchanan, U.S. Bankruptcy Trustee Margret Burks, attorney LeAnn E. Covey,
Trustee HSBC Bank USA, N.A., the law firm of Clunk, Hoose Co., LPA, 1-100 John Does

---

[1] The caption of the tendered complaint identifies the Plaintiff(s) as: "Derryn-Nicole: Jones a/k/a Derryn-
Nicole: Nesbitt; jones, derryn-n; jones, Derryn-nicole: Beneficiary, trustee, grantor, donor, grantee of the
legal estate/trust (ens legis DERRYN NICOLE JONES a/k/a DERRYN N JONES And Dwight Earl Jones
a/k/a Jones, Dwight E; Dwight E Jones; co-trustee and beneficiary of the legal estate/trust (ens legis
DERRYN NICOLE JONES a/k/a DERRYN N JONES." (Doc. 1-1, PageID 4). In the description of the parties
contained in the body of the complaint, Ms. Jones further identifies herself as "Derryn-Nicole:. Jones a/k/a
Derryn N Nesbitt; Jones, Derryn-Nicole; Derryn N. Jones special occupant, agent. Ultimate beneficiary,
trustee, executor, grantee, grantor of Estate/Trust (ens legis) DERRYN NICOLE JONES a/k/a DERRYN
NICOLE NESBITT, DERRYN N JONES who is under the trust and covenant of the father/creator (god) and
created by the father/creator and protected by the united states of America Constitution of 1787 as ratified
on December 15, 1791 to include the Bill of Rights and the Ohio Constitution as a Private Citizen of one of
the union states in care of 3548 Larkspur Avenue Cincinnati, Ohio [45208]." (Doc. 1-1 at ¶11). The full name
of Dwight Jones is similarly identified. (*See id.* at ¶ 12).

and 1-100 Jane Does. By separate Order, the undersigned has granted Plaintiffs leave to proceed *in forma pauperis.* This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the complaint is subject to summary dismissal.

I.      **Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or

delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint

must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Background

Plaintiffs' complaint purports to be a civil rights case based on a deprivation of rights under 42 U.S.C. § 1983, and seeks both permanent injunctive and declaratory relief. (Doc. 1-1 at 1). Along with claiming relief under the civil rights statute, Plaintiffs refer to a list of criminal statutes including: "conspiracy against rights" under 18 U.S.C. §241, for alleged violations of rights under 18 U.S.C. § 242, and for "frauds and swindles" under 18 U.S.C. § 1341. Plaintiffs also cite to violations of the "Fourth Fifth, Sixth and Seventh amendments of the Bill of Rights and RICO," alleged violations of due process, conspiracy to commit real estate fraud, and obstruction of the administration of justice. (*Id.*)

Despite being neatly typed, the allegations of the complaint contain few factual allegations and are illogical to the point of being nearly indecipherable. While the precise allegations and claims are difficult to follow, it is clear Plaintiffs' claims closely relate to other bankruptcy and state court foreclosure proceedings. The undersigned draws this inference from the identified Defendants - a Bankruptcy Judge, a Trustee appointed by that judge, a Creditor in bankruptcy, the Creditor's lawyer, and the law firm for whom the lawyer works - and from multiple references to bankruptcy court proceedings and/or a prior state court foreclosure case related to real property (Plaintiffs' former residence) located at 3548 Larkspur Ave., Cincinnati, Ohio ("3548 Larkspur").

For example, Plaintiffs allege that Derryn Nicole Jones "filed a prior bankruptcy 1:17-bk-12798 which she receive a discharge and defendants john and jane doe held court ex parte in case after the case was close." (Doc. 1-1 ¶29 (uncorrected)). They

maintain that Ms. Jones's Chapter 7 discharge included "all debt filed in the bankruptcy and **case A1202035** and the mortgage for the property commonly known as 3548 Larkspur Avenue Cincinnati, Ohio [45208] were part of bankruptcy 1:17-bk-12798." (*Id.* ¶31, emphasis added). The complaint further asserts that the same property was illegally transferred without lifting the automatic stay and without due process, and that the Defendants "knowingly conspired to take private property of Derryn-nicole: jones under the color of law." (*Id.* ¶33).

Plaintiffs assert that Dwight Earl Jones filed a proof of claim in a separate case, Bankruptcy Case No. 1:21-bk-10011, and that "all defendants knew of proof of claim" and "no entity objected to proof of claim." (*Id.* ¶ 35). The complaint accuses Defendant Covey of "fil[ing] a[n] automatic lift of stay under the color of law without objecting to proof of claim or filing a proof of claim in bankruptcy case 1:21-bk-10011 and no[t] placing a claim on the property in bankruptcy 1:23-bk-10615." (*Id.* ¶ 36). Plaintiffs allege that the "court never sent notice of bankruptcy 1:23-bk-10615 to Beneficiary(s) Dwight E Jones and Derryn N Jones" and acted without jurisdiction. (*Id.* ¶¶ 38, 40).

In a presumed reference to the 2023 bankruptcy case, the complaint further alleges:

> Having the hearing set for July 18, 2023 after receiving demand for trial by jury is fraud upon the Court and COMMITTING JUDICIAL VIOLATIONS OF THE united states constitution of America as ratified on December 15, 1791 to include the bill of rights CONTROLLING LAW AND MANDATORY PROCEDURES ARTICLE VI SECTION 1(2) SUPREMACY CLAUSE, ARTICLE VI SECTION 1(3), OATH OF OFFICE, ARTICLE III SECT. 3 (1) TREASON, AMENDMENT 14 SECT. 3 TREASON, ARTICLE 1 SECT.IO (1) CONTRACTS, ARTICLE III SECTION 2(3) JURY, All in violations of Plaintiff's Due Process, Equal protection to and under Articles 1st, 4th, 5th, 6th,7th, 8th, 9th, 11th, 13th, and the 14th Amendments or Articles, CONSTITUTIONAL "BILL OF RIGHTS" VIOLATIONS WITH LACK OF SUBJECT MATTER JURISDICTION, PURSUANT AND UNDER [c.f. 42

U.S.C. § 1983 et seq.] CONSPIRACY [c.f. 42 U.S.C. § 1985 et seq.] STATUTE: [c.f. 18 U.S.C. § 242 et seq.], STATUTE [c.f. 18 U.S.C. § 241 et seq.] EXTRINSIC FRAUD, JUDICIAL MALFEASANCE, CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF DUE PROCESS, CONSPIRACY, FRAUD UPON THE COURT, JUDICIAL OBSTRUCTION OF JUSTICE [c.f.] 18 U.S.C. 2 Principles [c.f. 18 U.S.C §1503], Attempted Extortion Under Color Of Official Right [c.f. 18 U.S.C Section § 1951 (b)(2)], ACTION FOR NEGLECT TO PREVENT[c.f. 42 U.S.C. § 1986 et seq.,] INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, all going to and effecting-violating the Plaintiff's complete Due Process-Equal Protection to right to Redress, Freedom of Speech, Freedom of Association to The Right to Constitutional Counsel, Reasonable Access To the Courts, The Right To A Fair Trial by jury, the Knowing Use of Perjured Testimony, Cruel & Unusual Summary Judgment Punishment, Abuse Of Process, Interference With Contract Rights, Trespass to Land, Conversion, Unlawful Foreclosure, Kidnapping, Bribery-Blackmail, Extortion, Assault, Deprivation of Property, False Imprisonment of property,, all that simply stands on the record itself is in very certain clear view evidence, resulting in very certain DAMAGES TO COMPENSATORY, SPECIAL, PUNITIVE AND where you all deserve Federal Prison for your acts of CRIMINAL CAPITAL FELONY TREASON, res ipsa loquitur.

(*See id.*, ¶44).[2]

Along with summarizing Plaintiffs' allegations and as part of the relevant background, the undersigned takes judicial notice of related litigation, including a nearly identical complaint filed on the same date against the same defendants by a different individual, Carlean Dates. Most of the allegations in the complaint filed by Ms. Dates and in the complaint filed by Mr. and Ms. Jones are identical (down to typographical errors), with minor variations to reflect the different names of the plaintiffs, the different location of the property at issue, and different case numbers of prior bankruptcy and state court proceedings. *Compare*, *generally*, Case No. 1:23-cv-449-DRC-SKB, Complaint at Doc. 1-1. By Report and Recommendation, the undersigned has recommended the dismissal of that nearly identical complaint.

---

[2]Paragraph 44 exemplifies the lack of factual detail and why Plaintiffs' allegations are so difficult to follow.

More critical to the Court's analysis is Plaintiffs' prior litigation over the same property in state court, in bankruptcy court, and in this Court over the past decade. To date, Plaintiffs have been parties to at least twenty related proceedings concerning 3548 Larkspur Avenue. Those proceedings began with a 2012 foreclosure case in state court, followed by Plaintiffs' unsuccessful appeals of that case in state court, multiple bankruptcy petitions and adversary proceedings filed in bankruptcy court in which Plaintiffs mounted various collateral challenges to the state court foreclosure, and other cases filed in this Court. A summary of relevant proceedings follows.[3]

### *The 2012 State Court Foreclosure Case*

**Case No. A 1202035**, *U.S. Bank NA as Trustee v. Derryn N. Jones.* The original foreclosure case was filed in the Hamilton County Court of Common Pleas. Judgment was granted in favor of U.S. Bank and a decree in foreclosure on the 3548 Larkspur property was entered September 2, 2014. An appeal to First District Ohio Court of Appeals, Case No. C1400564, was dismissed for lack of prosecution in January 2015. The Supreme Court of Ohio subsequently declined jurisdiction in July 2015.

### *Related Cases in U.S. District Court for the Southern District of Ohio*

**Case No. 1:16-cv-423-TSB-KLL.** This pro se improper removal of the foreclosure case, Hamilton County Case No. A 1202035, was remanded to state court sua sponte.

---

[3]In the interest of judicial economy, the undersigned has listed only those proceedings that are referenced by Plaintiffs in their current complaint or that are referenced in related cases filed in this Court. In Case No. 1:16-cv-778-TSB-KLL, the court discussed many of the same prior proceedings. However, this list is not intended to be exhaustive. Public records reflect that Plaintiffs are parties in multiple additional state court cases that have not been closely examined, but that may also be related. For example, a search of "Derryn Jones" alone on the Hamilton County website reveals additional Case Nos. CJ14016945, A2002339, CJ12025904, A 1202600, and C 1400564 in addition to a traffic court case. It appears that Plaintiffs also filed a related suit for a writ of mandamus in the Ohio Supreme Court, Case No. 16-0124.

**Case No. 1:16-cv-778-TSB-KLL.** This pro se case asserted claims under the FDCPA, RICO, and related state law fraud claims pertaining to the foreclosure action and related bankruptcy proceedings. This Court granted motions to dismiss filed by Defendants U.S. Bank, N.A., as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMS Mortgage Backed Pass Through Certificates, Series 2006-2, Lerner Sampson & Rothfuss, Matthew I. McKelvey, Thompson Hine LLP, Scott A. King, American Servicing Company, and Wells Fargo Bank, N.A. The court held that some FDCPA claims were barred by issue and claim preclusion, while other allegations failed to state any viable claims or were otherwise barred by *Rooker Feldman* because the state court had considered and rejected the same allegations prior to entering a judgment of foreclosure.

**Case No. 1:16-cv-1114-TSB-SKB.** This pro se improper removal of the foreclosure proceeding from Hamilton County Board of Revision was remanded to that body. The court imposed a sua sponte sanction of $100.00 on Plaintiffs for their second "wholly frivolous petition for removal."

**Case No. 1:17-mc-12-SJD-KLL.** This Court dismissed Plaintiffs' pro se filing of this improper miscellaneous case regarding documents that should have been filed in the office of the Hamilton County Ohio recorder and not in federal court, noting that the case also appeared to be duplicative.

**Case No. 1:17-mc-13-MRB-SKB.** This Court dismissed this substantially identical pro se filing of an improper miscellaneous case based on the improper filing and as duplicative.

**Case No. 1:17-cv-174-TSB-KLL.** This Court dismissed Plaintiffs' pro se case alleging eleven separate causes of action against U.S. Bank National Association and CSMC Mortgage Backed Pass-Through Certificates, Series 2006-2, based on the state court foreclosure action and because the case was duplicative of prior litigation in this Court.

**Case No. 1:17-cv-735-SJD-SKB.** This case was a pro se appeal of an order in Bankruptcy Case No. 17-bk-11687. This Court affirmed the decision and closed the case. After Plaintiff continued to file "harassment and/or nuisance filings" in the record, Judge Dlott directed the Clerk not to accept further filings.

### _Related Cases in U.S. Bankruptcy Court for the Southern District of Ohio_

**Case No. 1:12-bk-13483.** This pro se filing by both plaintiffs under Chapter 13 was dismissed in August 2012 for failure to file information.

**Case No. 1:13-bk-11966.** This pro se filing by Dwight Jones under Chapter 13 was dismissed in August 2013 for failure to make plan payments.

**Case No. 1:14-bk-14978.** This pro se filing by Derryn Jones under Chapter 13 was dismissed in March 2015 for failure to pay the filing fee. Related **Adversary Proceeding 1:15-ap-01012** was dismissed based on dismissal of the primary bankruptcy case and for failure to prosecute.

**Case No. 1:15-bk-13268.** This pro se filing by Derryn Jones under Chapter 13 was dismissed with prejudice for abuse upon finding that petition was not filed in good faith. Related **Adversary Proceeding No. 1:15-ap-1116** was dismissed based on dismissal of the primary bankruptcy case.

**Case No. 1:16-bk-12757.** This pro se filing by Dwight Jones under Chapter 13 was dismissed for willful failure to comply with court orders. The court barred plaintiffs or anyone purporting to have a possessory interest in 3548 Larkspur from filing for bankruptcy protection for 180 days.

**Case No. 1:17-bk-11687.** This pro se filing by Dwight Jones was under Chapter 7. Creditor US Bank moved for a relief from stay, (Doc. 15), which motion was granted on Sept. 15, 2017 (Doc. 51), including prohibiting any stays in any future bankruptcies relating to 3548 Larkspur for two years. The case was dismissed on 9/27/17 based upon Dwight Jones's failure to provide the Trustee with information to conduct a meeting of creditors (Doc. 54), and a motion to vacate that ruling was denied (Doc. 59). On appeal, this Court affirmed the bankruptcy court's order. (Doc. 69).

**Case No. 1:17-bk-12798.** This pro se filing by Derryn Jones was under Chapter 13. U.S. Bank NA, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-2 ("US Bank"), moved for relief from the automatic stay and co-debtor stay with respect to Dwight Jones.  (Doc. 23). After a hearing, the Bankruptcy Court granted the motion on September 27, 2017, terminating the stay and the co-debtor stay with respect to 3548 Larkspur and authorizing the movant to "complete a state court action against the Real Property." (Doc. 37 at 2). The Bankruptcy Court further prohibited any future bankruptcy to "not act to stay any legal proceedings or actions by Creditor against the debtor…for a period of two (2) years from entry of this Order." (*Id.*)

Ms. Jones subsequently converted her petition to Chapter 7 and a new trustee was appointed. But the Debtor continued to file motions seeking to avoid the claim of U.S.

Bank. For example, on January 16, 2018, the bankruptcy court denied the motion of Derryn Jones to avoid a "judgment lien" because the lien of U.S. Bank was "a consensual mortgage lien rather than a judgment lien," and as such, was "not subject to avoidance in Chapter 7 proceedings" and "not subject to Ohio Revised Code 2329.66(A)(1)'s homestead exemption." (Doc. 85 at 1-2). On August 20, 2018, the Trustee abandoned 3845 Larkspur "as an asset that is of inconsequential value to the estate," because the debtor had "no equity in the property." (Doc. 105). Derryn Jones was granted a discharge of her Chapter 7 debts on February 28, 2019. (Doc. 109). The Order of discharge specifically notes that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage…." (*Id*. at 1).

**Case No. 1:17-ap-01053.** This related adversary proceeding filed by Derryn Jones sought recovery against Lerner Sampson and Rothfuss, U.S. Bank NA, and others. On Jan. 16, 2018, Court granted the motion of Lerner Sampson and Rothfus, as well as the motion of U.S. Bank, to dismiss the adversary complaint.  (Doc. 43). In addition to dismissing all claims as without merit, the Bankruptcy Court declared Derryn Nicole Jones "a vexatious litigant" and directed the Clerk to "not docket any of Plaintiff's subsequent filings without receiving explicit authorization from the Court." (Doc. 43 at 7).

**Case No. 1:19-bk-13673.** This pro se filing by Dwight Jones under Chapter 13 was dismissed for failure to make plan payments.

**Case No. 1:21-bk-10011.** This pro se filing by Dwight Jones was filed under Chapter 13. On April 8, 2021, the court entered a "Show Cause Order" expressing concern with irregularities in the debtor's filings and stating that Debtor "may be

committing an abuse of the bankruptcy process." (*Id.*, Doc. 30). The court set a hearing for April 15, 2021 but on April 14, 2021, Debtor filed a notice to convert the Chapter 13 proceeding to Chapter 7. On 11/4/21 (Doc.106), US Bank, through its counsel (LeAnn Covey) moved for relief from stay regarding 3548 Larkspur. The motion states that the mortgage was forfeited and canceled in the underlying forfeiture case, A1202035, and that U.S. Bank now owns the property and seeks to proceed with eviction proceedings against the Debtor. On November 17, 2021 (Doc. 109), the Trustee filed an "Abandonment of Property After Certification and Representations by Party Requesting Abandonment." The referenced document acknowledges that per Judgment Entry entered July 9, 2019, the mortgage is forfeited and canceled and US Bank owns the property, and that abandonment is necessary for the Bank to proceed with eviction proceedings. The Trustee states that as Trustee for the estate, he abandons the Larkspur property as "burdensome to and/or …of inconsequential value and benefit to the bankruptcy estate." (Doc. 109 at 2).

On February 9, 2022 (Doc. 126), the bankruptcy court granted US Bank's motion for relief from stay. The Court concluded "the Debtor's filings and actions have been nothing short of egregious and they support the UST's request to dismiss the case for bad faith with a three-year bar to re-filing." (Doc. 126 at 14). In addition to dismissing the bankruptcy case as abusive with a three-year bar to re-filing, the Court referred the matter to the U.S. Attorney for the Southern District of Ohio for investigation of possible criminal wrongdoing. (Doc. 126 at 19).

**Case No. 1:23-bk-10615.** This pro se filing by Derryn N. Jones was filed under Chapter 13. On June 12, 2023, the Bankruptcy Court initially granted US Bank's motion

for relief from stay with in rem relief regarding 3548 Larkspur property, but later vacated that order based on a procedural error. (Docs. 34, 47). A hearing on the motion for relief from stay is presently set for 1:00 p.m. on August 31, 2023 in Judge Buchanan's courtroom. (Doc. 66). The motion is based on the contention that pursuant to the state court Judgment Entry entered on July 9, 2018 in the Court of Common Pleas in Hamilton County, Ohio in case A1202035, the mortgage that was on the property is forfeited and canceled and Movant now owns the property.

### III.    Analysis

Construing the complaint liberally, the undersigned infers that Plaintiffs believe that Judge Buchanan violated their due process rights and perhaps other constitutional rights in relation to actions taken regarding the Larkspur property, which Plaintiffs apparently believes should be unencumbered with ownership in Derryn Jones's name. Plaintiffs' complaint is subject to summary dismissal because it is undeniably duplicative of prior proceedings and barred by the doctrine of claim preclusion or res judicata. In addition, the complaint fails to state a claim, attempts to sue two individuals who are absolutely immune from suit, and is barred by the *Rooker-Feldman* doctrine.

### A. Duplicative Proceedings that Warrant Pre-filing Restrictions Based on Vexatious Conduct

The above history reflects a pattern of duplicative proceedings filed by Plaintiffs in an effort to avoid the state court judgment of foreclosure. As that history demonstrates, this Court previously has dismissed multiple similar proceedings filed by the same Plaintiffs on the same grounds – that the claims are duplicative of prior proceedings and are barred by the doctrines of issue and claim preclusion. The undersigned has expended significant judicial resources reviewing multiple records in the many prior proceedings in

an effort to appropriately screen Plaintiffs' latest case. Rather than fully restating the Court's prior analysis, the Court incorporates the analysis set forth in the Report and Recommendation ("R&R") filed on May 17, 2017 in Case No. 1:16-cv-778-TSB-KLL. (Doc. 61 adopted at Doc. 71). In that case, the same Plaintiffs had alleged that various defendants had "no legal right to collect on Ms. Jones' home loan debt because there was never a valid assignment to U.S. Bank or Wells Fargo." (Doc. 61 at PageID 965). Plaintiffs further alleged that the banks had violated the FDCPA during August 2015 bankruptcy proceedings by stating that the mortgage had been assigned to U.S. Bank. This Court held that all of Plaintiffs' claims were foreclosed based in part on the prior state foreclosure proceeding, in which the state court granted summary judgment in favor of U.S. Bank after first establishing that the assignment to U.S. Bank was proper, the note and mortgage were valid, and U.S. Bank had standing to foreclose. (*Id.* at PageID 967-968). All of Plaintiffs' current "claims" (using that term loosely) are equally barred by res judicata or claim preclusion based on the prior state court judgment.

Given that Plaintiffs have been put on notice numerous times that their claims are duplicative, including a monetary sanction of $100 previously imposed on them by this Court in Case No. 1:16-cv-1114-TSB-SKB, the undersigned recommends that Plaintiffs be (at a minimum) formally warned that their conduct is vexatious and that pre-filing limitations may be imposed.[4] Alternatively, Plaintiffs' conduct arguably justifies the

---

[4]As discussed, the Bankruptcy Court previously has declared Derryn Jones to be vexatious. In addition to initiating baseless *new* proceedings, the record reflects that Plaintiffs frequently file motions for reconsideration that provide no new information but instead include only "spurious and meritless legal theories that have been previously rejected or otherwise fail to provide any basis for reconsideration." (See Bankruptcy Case No. 1:21-bk-10011, Doc. 145 at 3). In the referenced Bankruptcy case, the court's last order **emphasizes that it will take no further action on any future filings by Mr. Jones requesting reconsideration of the Order of Dismissal**." (*Id.*, emphasis original). Similarly, in Case No. 1:17-cv-735-SJD-SKB in this Court, this Court grew so weary of Plaintiff Dwight Jones's continued filings in a closed

imposition of pre-filing limitations at this time without further warning beyond the Objection period of this Report and Recommendation.

Specifically, the undersigned recommends that Plaintiffs be formally warned that they are likely to be sanctioned if either of them: (1) files any frivolous appeals of the bankruptcy court's orders that relate to the state court foreclosure; or (2) files any new civil cases that relate to the state court foreclosure. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d at 938-940 (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

## B. Alternative Grounds for Summary Dismissal

### 1. Failure to State a Claim

In addition to the reasons set forth above, the complaint is subject to summary dismissal because it fails to provide sufficient factual detail to give any of the identified

---

case that it deemed his filings to be "harassment and/or nuisance filings" and ordered the Clerk to refuse to accept any further filings in that case. (Doc. 26).

Defendants notice of any plausible claim under the screening standards set forth in 28 U.S.C. §1915(e)(2)(B). Paragraph 44 illustrates the nonsensical nature of Plaintiffs' "claims." The vast majority of Plaintiffs' complaint alludes to inapplicable criminal statutes or constitutional provisions with no supporting factual allegations at all.

As best the undersigned can determine, the complaint purports to set out four separate causes of action: (1) Violation of 42 U.S.C. § 1983; (2) Violation of Due Process; (3) Conspiracy to Commit Real Estate Fraud; and (4) Obstruction of the Administration of Justice. (Doc. 1-1, ¶¶ 50-57, 61-63). But no facts are included in those "claims," and the few "factual" allegations elsewhere in the complaint lack dates, personal identifiers, or other relevant details that would provide context or support for any claim. For example, the complaint alleges that Plaintiffs have "filed a claim against the state court judge" (Doc. 1-1, ¶6(b), but no state court judge is named in *this* case. Plaintiffs allege that "[t]he court never got any written express consent from Derryn-Nicole:. Jones a/k/a Derryn N Nesbitt; Jones, Derryn- Nicole; Derryn N. Jones special occupant, agent. Ultimate beneficiary, trustee, executor, grantee, grantor of Estate/Trust (ens legis) DERRYN NICOLE JONES a/k/a DERRYN NICOLE NESBITT, DERRYN N JONES which required by law in violation her constitutional right and unalienable god given rights." (Doc. 1-1, ¶28, grammar and punctuation original). But Plaintiffs fail to specify a date, or what "court" to which they refer, what "consent" should have been sought, or how that relates to any Defendant.

The rest of the complaint speaks to the relief sought by Plaintiffs. (*See*, *e.g.*, "Count Four," *id.*, ¶¶ 58-60, seeking a temporary restraining order, preliminary and permanent injunctive relief, and unspecified "other" declaratory and injunctive relief.). Plaintiffs also seek "compensatory and general damages for expenses for legal

expenses, medical bills, mental anguish associated with living with the consequences of the defendant's negligence, loss of income, and damaged credit score, embarrassment from having plaintiff's house listed on Zillow and other Real estate foreclosure websites before while the case is in litigation. The plaintiff request punitive damages in what the jury finds just and fair." (Doc. 1-1, ¶ 64 (uncorrected)). These examples speak for themselves.

Because the complaint – *at best* – consists of "the-defendant-unlawfully-harmed-me" accusations, it fails to state any federal claim as a matter of law.

### 2. Immunity *and Rooker-Feldman*

Plaintiffs have filed suit against two defendants who are absolutely immune from suit. The doctrine of absolute judicial immunity applies to actions taken by U.S. Bankruptcy Judge Buchanan in Plaintiffs' bankruptcy proceedings. *See generally*, *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir.1997). Because she acts at the direction of the court, Trustee Burks also enjoys absolute immunity from suit.[5] *See, e.g., Gross v. Rell,* 695 F.3d 211, 216 (2d Cir.2012) ("Bankruptcy trustees are generally immune to the extent that they are acting with the approval of the court."); *Gregory v. United States,* 942 F.2d 1498, 1500 (10th Cir.1991) (bankruptcy trustee enjoys absolute immunity when executing "facially valid judicial orders"); *In re Weisser Eyecare, Inc.,* 245 B.R. 844, 848 (Bankr. N.D.Ill.2000) ("Because trustees serve an important function as officers of the court, they enjoy ... absolute

---

[5]An additional and alternative basis for dismissal exists with respect to any claims brought against Trustee Burks. The Sixth Circuit has held that prior to the commencement of a lawsuit in federal district court against a bankruptcy trustee, a part must obtain leave of court from the appointing forum – here, the bankruptcy court itself. See *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993). Failing to obtain such leave provides an independent bar to suit. *Id.*; *see also Zack v. Morgan & McClarty, P.C.*, 1994 WL 329208, at *1-2 (6th Cir. 1994).

immunity if operating pursuant to a court order."); *accord Wilson v. Delk*, 2014 WL 4929252, at *3 (W.D. Tenn. Aug. 4, 2014).

Based on references in the complaint, it appears that Plaintiffs may be challenging *ongoing* bankruptcy proceedings. In the Chapter 13 bankruptcy case most recently filed by Derryn Jones, Case No. 1:23-bk-10615, the court has set a hearing on the motion for relief from stay for 1:00 p.m. on August 31, 2023 in Judge Buchanan's courtroom. (*See id.*, Doc. 66). Final, appealable orders can be appealed to the district court, as well as some interlocutory orders and decrees. *See generally* 28 U.S.C. § 158(a). But apart from that specific authority, a district court does not have authority to stay or interfere with an ongoing bankruptcy proceeding.

Last, because the underlying final state-court judgment of foreclosure remains the source of Plaintiffs' injury, the *Rooker-Feldman* doctrine bars review.[6] The doctrine, established by two U.S. Supreme Court rulings issued 60 years apart, draws its support from 28 U.S.C. § 1257 and the principle that only the U.S. Supreme Court has appellate jurisdiction over the civil judgments of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). To determine the applicability of the *Rooker-Feldman* doctrine, the district court "must determine the source of the plaintiff's alleged injury." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). When a plaintiff complains not of a state court decision but of a third party's actions - but where that "third party's actions are the product of a state court

---

[6]The undersigned recognizes that ordinarily, the applicability of the *Rooker-Feldman* doctrine is to be decided before considering res judicata and collateral estoppel issues. *See Hake v. Simpson*, 770 Fed. Appx. 733, 736 (6th Cir. 2019) ("We hold that the *Rooker-Feldman* doctrine prevents the district court from exercising subject matter jurisdiction over Plaintiff's substantive due process claim, and as a result, we need not address the applicability of the doctrine of res judicata."). But because this Court has previously and repeatedly rejected Plaintiffs' claims as barred by res judicata, the undersigned includes that analysis.

judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007), citing *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). Plaintiffs' claims are all based on the underlying state court judgment of foreclosure. Therefore, the *Rooker-Feldman* doctrine bars this case. *Accord Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929 (6th Cir. 2002) (holding that plaintiffs' federal claims were barred under *Rooker-Feldman*, because they challenged state court rulings in which they were denied relief based on various claims that their house was taken from them by fraudulent conveyance); *Stewart,* 229 F.3d 1154, 2000 WL 1176881 (case barred by *Rooker-Feldman* because it was yet another attempt to collaterally attack the foreclosure and eviction which had been decided in the Michigan courts); *Brantley*, 2016 WL 6092709, at *4 (court lacks subject matter jurisdiction because the source of plaintiff's injury is the state court judgment of foreclosure and sale of his former property).

### IV. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED**:

1. Plaintiffs' complaint is legally frivolous under the screening standards of 28 U.S.C. § 1915(e)(2)(B). For that reason, their complaint should be dismissed with prejudice;

2. Based on Plaintiffs' multiple attempts to re-litigate their challenges to an underlying state court judgment of foreclosure, they should be ordered to refrain from filing in this Court any more bankruptcy appeals or legally frivolous cases concerning the 3548 Larkspur property. Should Plaintiffs persist in filing any future bankruptcy appeal or other civil case concerning the same property, they are forewarned that

the Court is likely to impose pre-filing restrictions or other sanctions to deter future abusive or vexatious conduct;

3. *As an alternative to the recommendation stated above in ¶2 of this R&R*, Plaintiffs' conduct and litigation history justifies a declaration at this time that they are **vexatious litigators who should be ENJOINED AND PROHIBITED** from filing additional complaints or bankruptcy appeals in the Southern District of Ohio that relate to the 3548 Larkspur property. Before any new complaint or appeal from bankruptcy court is accepted by the Clerk, and in order to confirm that it does not relate to the 3548 Larkspur property, Plaintiffs must include a certification to that effect by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee;

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRYN-NICOLE JONES,                                Case No. 1:23-cv-452
Beneficiary, trustee, grantor, donor,
Grantee of the legal estate/trust a/k/a           Cole, J.
Derryn-Nicole Nesbitt                              Bowman, M.J.
a/k/a Derryn N. Jones, et al.,

              Plaintiffs,

     v.

BETH A. BUCHANAN,
Individually and in her official Capacity as
Judge in United States Bankruptcy Court
Southern District of Ohio, et al.,

              Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party must respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).