UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRYN-NICOLE JONES, et al.,[1]

    Plaintiffs,

  v.

BETH A. BUCHANAN, et al.,

    Defendants.

Case No. 1:23-cv-452

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Before the Court is Magistrate Judge Bowman's September 5, 2023, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss with prejudice the Complaint (Doc. 3) that Plaintiffs Derryn-Nicole Jones and Dwight Earl Jones (the Joneses) filed. For the reasons stated below, the Court **ADOPTS** the R&R (Doc. 4) in large part—adopting its ultimate recommendation to dismiss the action. Accordingly, the Court **OVERRULES** the Joneses' "Declaration of Certificate of Service," (Doc. 5), and "Affidavit Letter of Rogatory Writ of Error for orders 9/5/2023, 9/17/2023 and 9/22/2023; Withheld Consent; illegal converting to securities without consent; No Contract with the United States District Court; Error classifying Agents Affiants as United States Citizens and not Nations and not requiring Evidence

---

[1] In the caption of their Complaint, Plaintiffs list themselves as "Derryn-Nicole: Jones a/k/a Derryn-Nicole: Nesbitt:jones, derryn-n:jones, derryn-nicole: Beneficiary, trustee, grantor, donor, grantee of the legal estate/trust (ens legis DERRYN NICOLE JONES a/k/a DERRYN N JONES And Dwight Earl Jones a/k/a Jones, Dwight E; Dwight E Jones; co-trustee and beneficiary of the legal estate/trust (ens legis DERRYN NICOLE JONES a/k/a DERRYN N JONES." (Doc. 3, #32). For convenience, the Court refers to Plaintiffs as Derryn-Nicole Jones and Dwight Earl Jones (collectively, the Joneses) throughout this opinion.

Citizenship; Error Classification as Paupers; Title 28 Section 1915(a)(2)(B) violates free Access to court and the 1787 Constitution of the united states of America as ratified on December 15, 1791 to include the Bill of Rights under color of law" (Doc. 11), which appears to be objections to the R&R. And the Court **DISMISSES** the Joneses' Complaint (Doc. 3). More specifically, the Court **DISMISSES** the damages claims against Defendant Judge Beth Buchanan in her individual capacity **WITH PREJUDICE** and **DISMISSES** all other claims **WITHOUT PREJUDICE**. Relatedly, the Court **OVERRULES** the "Remittance: Affidavit of Return of Void Order Dated 9/22/2023; Terminated All Presumption; No Contract with United States District Court; Evidence of Nationals and Not United States Citizens; Withholding Consent; We Are Not Paupers; with Prayer on The Court and Returned Void Order Dated 9/22/2023" (Doc. 10), which appears to object to the Magistrate Judge's Order (Doc. 8) denying the Joneses' motion to disqualify the Magistrate Judge, (Doc. 6).

## BACKGROUND[2]

The Joneses' Complaint lacks detail and is difficult to parse. Construing the Complaint as liberally as possible, the Court treats it as an attempt to litigate various issues arising from the Joneses' response to a 2012 state foreclosure proceeding on a mortgage hypothecated by the property located at 3548 Larkspur Avenue, Cincinnati,

---

[2] The case comes before the Court on its sua sponte screening authority under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e), which is governed by the same standards that apply to motions to dismiss for failure to state a claim, *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *3 (S.D. Ohio Dec. 21, 2023). Nonetheless, the Court "may take judicial notice of proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969).

2

Ohio, 45208. (Doc. 3, ¶¶ 29–34, #35). The R&R catalogs the Joneses' extensive litigation history in relation to this property, which involves 19 other cases filed in this Court, the Hamilton County Court of Common Pleas, and the United States Bankruptcy Court for the Southern District of Ohio. (Doc. 4, #50–56). Throughout all those cases, the Joneses repeatedly contended that various defendants "have no legal right to collect on [the Joneses'] home loan debt." *E.g.*, *Jones v. U.S. Bank Nat'l Ass'n*, No. 1:16-cv-778, 2017 WL 2191629, at *4 (S.D. Ohio May 17, 2017) (report and recommendation).

At a high level of generality, the Joneses' latest Complaint—the one currently before the Court—appears to be a separate challenge to the prior proceedings, rather than an appeal. The Joneses now allege that United States Bankruptcy Court Judge Beth Buchanan (the bankruptcy judge presiding over their case); Margaret Burks (the appointed trustee in their bankruptcy case before Judge Buchanan); LeAnn Covey and Clunk, Hoose Co. LPA (the foreclosing party's former counsel); U.S. Bank, N.A. (the foreclosing party);[3] and "Unknown John and Jane Does 1–100" (collectively, Defendants) violated the Joneses' constitutional rights and various statutes. (Doc. 3 ¶¶ 13–40, 44–63, #34–39).

When they filed their Complaint, the Joneses also sought leave to proceed in forma pauperis (IFP).[4] As a result, under this Court's General Order Cin. 22-02, the

---

[3] The Court notes that the R&R, at one point, states that Plaintiffs sued "Trustee HSBC Bank USA, N.A.," but this appears to have been a clerical error, as the R&R otherwise refers to U.S. Bank N.A. (Doc. 4, #44).

[4] In that request, Derryn-Nicole Jones represented that she does not own any real estate. (Doc. 1, #3). This statement is in tension with some of Jones's other claims about her property interests in the 3548 Larkspur Avenue property. *E.g.*, *In re Jones*, 1:23-bk-10615, 2024

3

matter was referred to a magistrate judge.[5] On September 5, 2023, the Magistrate Judge granted the IFP motion. (Doc. 2). That same day, invoking the Court's authority under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e), to conduct a sua sponte review of the Complaint, the Magistrate Judge issued her R&R recommending dismissal of the Complaint as legally frivolous. (Doc. 4, #44–45).

In response, the Joneses submitted a document they styled a "Declaration of Certificate of Service." (Doc. 5). They then sought an extension of time to file objections, (Doc. 7), and moved to disqualify Magistrate Judge Bowman, (Doc. 6). The undersigned granted the Joneses' request for an extension. (9/19/23 Not. Order). And on September 22, 2023, the Magistrate Judge denied the Joneses' motion to disqualify her. (Doc. 8).

---

Bankr. LEXIS 170, at *6–7 (Bankr. S.D. Ohio Jan. 24, 2024) ("Ms. Jones called her husband Dwight Jones who testified to obtaining ownership of the Larkspur Property from U.S. Bank after successfully bidding on it at auction in October of 2021. … Dwight Jones further testified that the sheriff sale resulting in U.S. Bank's purchase of the Larkspur Property was void … .").

[5] In their motion to proceed IFP, (Doc. 1), the Joneses state that they "do[] not consent to magistrate." (Doc. 1-1, #13). But by voluntarily submitting their motions to the Court, they consented to the screening procedure of the Court. *See infra* Part A. If the Joneses are concerned that the Magistrate Judge's recommendation may be unfair to them in some way, the Court reminds them that the R&R must be reviewed by the Court before adopting it. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b) & adv. comm. notes. And because "the ultimate decision is made by the district court," any objections the Joneses may have that the referral of certain matters to magistrate judges to conduct the initial review violates the Constitution lack merit. *United States v. Raddatz*, 447 U.S. 667, 683 (1980). Insofar as the Joneses are disputing 28 U.S.C. § 1915's screening provisions generally, (Doc. 11, #131), courts have consistently held that there is nothing unconstitutional about the Court's authority to screen IFP suits for frivolousness and failure to state a claim. *Bennett v. McBride*, 67 F. App'x 850, 854 (6th Cir. 2003); *accord Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). After all, "Congress's refusal to subsidize a [litigant's] exercise of his First Amendment rights does not constitute a violation of those rights." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

The Joneses then filed two documents styled, in part, as "Affidavits of Return of Void Order." (Docs. 9, 10). The first seemingly objects to the notation order granting the Joneses' request for extension. (Doc. 9). And the second, filed within the fourteen days allowed for objections to magistrate judges' orders on non-dispositive matters, Fed. R. Civ. P. 72(a), seemingly objects to the Order denying their motion to disqualify Magistrate Judge Bowman. (Doc. 10). Finally, on October 11, 2023, the Joneses filed a document (dated within the timeframe for them to object that was provided in the Court's September 19, 2023, Notation Order), which they styled, in part, as an "Affidavit Letter of Rogatory Writ of Error," and which also purports to object to the R&R. (Doc. 11).

These matters are now ripe for the Court's review.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the R&R to

5

which he objects with sufficient clarity, or else forfeit the Court's de novo review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, the Joneses are proceeding pro se. Pro se litigants' pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules governing civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the [R&R] … to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court is reviewing the Complaint under 28 U.S.C. § 1915(e)(2)(B), which permits sua sponte dismissals for failure to state a claim upon which relief may be granted. Such dismissals are governed by the same standard that applies to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a

"complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff[s]." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up).

Finally, Federal Rule of Civil Procedure 72(a) permits parties to object to an order issued by a magistrate judge on a non-dispositive issue within fourteen days of the order's docketing. The Court then reviews the order under a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This standard affords the magistrate judge wide discretion, and the Court will reverse a magistrate judge's order only if it reflects an abuse of discretion. *Bonasera v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-cv-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021). "An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Id.* (citation omitted).

## LAW AND ANALYSIS

### A. The R&R and the Joneses' Objections

"Here, [the Joneses] [have] lodged what is essentially a general objection to the R&R." *Dates v. Buchanan*, No. 1:23-cv-449, 2024 U.S. Dist. LEXIS 30485, at *7 (S.D. Ohio Feb. 22, 2024). Their incoherent filings are prime examples of the "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-

7

proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases). For example, the Joneses argue that Defendants should be imprisoned "for [their] acts of CRIMINAL CAPITAL FELONY TREASON, res ipsa loquitur." (Doc. 3, ¶ 44, #37). And they assert that:

> 17. We object to all territory court rulings or orders and are requiring to be heard in an Article III 'District [sic] Court of the United States in and for the [U]nited [S]tates of America.
>
> 18. The United States District Court is not a true United States court established under article III of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States.[6]

(Doc. 11, #127). "Although [the Joneses] cite[] the R&R in [their filings,] ... [their] only objection to the R&R is to claim that it 'is void on its face.'" *Dates*, 2024 U.S. Dist. LEXIS 30485, at *8; (Doc. 5, #67; Doc. 11, #126 (describing the R&R as a "void order[] without consent and jurisdiction")). They reach that conclusion because, consistent with their sovereign citizen beliefs, the Joneses believe that only entities with whom they expressly "contract" may enter valid judgments that bind them and their property. (Doc. 5, #67–68; Doc. 11, #128–29).

---

[6] Paragraph 18 of the Joneses' "Affidavit Letter of Rogatory Writ," (Doc. 11, #127; *see also* Doc. 5, ¶ 13, #67), is a direct quote from one of the *Insular Cases*: *Balzac v. Porto Rico*, 258 U.S. 298, 312 (1922). That case is often quoted by sovereign citizens for the proposition that all U.S. District Courts are "territorial courts" and are therefore illegitimate. *See Dates*, 2024 U.S. Dist. LEXIS 30485, at *7. But in context, the quote is referencing only the United States District Court in Puerto Rico in 1922, which necessarily had to be a territorial court given Puerto Rico lacks statehood. *Balzac*, 258 U.S. at 312; *see generally United States v. Vaello Madero*, 596 U.S. 159 (2022). So *Balzac* does not affect the Court's authority here.

The Court disagrees. The United States District Court for the Southern District of Ohio is properly constituted by an act of Congress, 28 U.S.C. § 115(b), in accordance with Article III, § 1 of the United States Constitution. The Joneses' arguments to the contrary are patently meritless, and courts have uniformly rejected them as lacking any legal basis. *Coleman*, 871 F.3d at 476; *Dates*, 2024 U.S. Dist. LEXIS 30485 at *8–9. And the Joneses *submitted themselves to the jurisdiction of this Court* by suing. (*See* Doc. 1, #3 (signature block on the motion to proceed IFP); Doc. 3, #41 (signature block on the Complaint); Doc. 7, #100–01 (signature block on the motion for extension)). Because the Joneses are ultimately "the master[s] of the complaint," *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (cleaned up), they are in no position to object to the authority and procedures of the Court of which they have availed themselves. *Cf. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("[A]n individual may submit to the jurisdiction of the court by appearance."). In short, "courts are not one-way streets. By availing [themselves] of the Court in hopes of achieving victory, [they] largely waived any arguments that the Court lacks authority over [them] or [their] cause of action, other than, of course, subject[-]matter jurisdiction, which is non-waivable." *Dates* 2024 U.S. Dist. LEXIS 30485, at *9.

The Court therefore turns to subject-matter jurisdiction, which the Court must establish before turning to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998).[7] When assessing its subject-matter jurisdiction, the Court may

---

[7] The Court declines to adopt the R&R's conclusion that *Rooker-Feldman* is a bar to jurisdiction here. (Doc. 4, #61–62). The Joneses' Complaint, liberally construed, is not an

9

consider the relevant issues in any order it wishes. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

The Joneses assert claims under federal statutes and the United States Constitution, both of which fall within the Court's federal question jurisdiction. 28 U.S.C. § 1331. But the Court still must determine that it has jurisdiction over each claim. *Triple Up Ltd. v. Youku Tudou Inc.*, No. 17-7033, 2018 WL 4440459, at *1 (D.C. Cir. July 17, 2018) ("In federal court, a plaintiff must establish jurisdiction for each claim it seeks to press." (cleaned up)); *cf. TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)."). Accordingly, it turns to the other potential subject-matter jurisdiction issues arising from the Joneses' claims.

The Court begins with the claims against Judge Buchanan in her official capacity as a federal bankruptcy judge. Official-capacity claims are claims against the governmental entity for which the named defendant works. *Layne v. Thouroughman*, No. 1:23-cv-702, 2024 WL 3068872, at *5 (S.D. Ohio June 20, 2024). Because Judge Buchanan works for the Bankruptcy Court—an instrumentality of the United States—the Joneses are really asserting claims against the United States. *Surani v. U.S. Bankr. Ct.*, No. 13-931, 2013 WL 3279265, at *1 (D.D.C. June 28, 2013).

---

appeal of the foreclosure proceeding itself. Rather, it is a challenge to the Bankruptcy Court proceedings, in which Plaintiffs claim that those proceedings were without "written express consent from Derryn-Nicole." (Doc. 3, ¶ 28, #35). So while the Court agrees with the R&R that subject-matter jurisdiction is an issue here, the Court declines to reach that conclusion on *Rooker-Feldman* grounds.

And the United States enjoys sovereign immunity absent an express waiver of such immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." (cleaned up)). Because the Joneses have identified no waiver of sovereign immunity, *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) ("The burden is on the plaintiff to establish that the government has waived sovereign immunity. If the plaintiff cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." (cleaned up)), the Court lacks subject-matter jurisdiction over the official-capacity claims against Judge Buchanan that seek money damages or retrospective relief. *Philadelphia Co. v. Stimson*, 223 U.S. 605, 620 (1912). The Court therefore dismisses those claims against Judge Buchanan, which are really claims against the United States, without prejudice. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("[D]ismissals for lack of jurisdiction should generally be made without prejudice." (collecting cases)).

The Court turns next to the claims against Burks, the trustee appointed in the Joneses' bankruptcy case. (Doc. 3, #32, 34); *Chapter 13 Standing Trustees Office Locator, United States Trustee Program*, U.S. Dep't of Just., https://perma.cc/D65Y-UWJU (listing Burks as a private trustee in the Southern District of Ohio); *In re Derryn Nicole Jones*, Case No. 1:23-bk-10615 (Bankr. S.D. Ohio) (bankruptcy case docket's listing Burks as the assigned trustee). It determines that it also lacks

11

jurisdiction to hear those claims. Under the *Barton* doctrine (named for the case that established it), "leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240–41 (6th Cir. 1993) (describing *Barton v. Barbour*, 104 U.S. (14 Otto) 126 (1881), and noting that the statutory exception to *Barton* in 28 U.S.C. § 959(a) for suits over a trustee's "actions taken while 'carrying on business'" does not cover "suits against the trustee for actions taken while administering the estate"). Burks carried out the acts that form the basis for the Joneses' suit while acting in her official capacity as a trustee of the bankruptcy court. (Doc. 3, ¶¶ 33, 52, #35, 38). And the Joneses did not show that the bankruptcy court had granted them leave to sue Burks when they filed their case. (*See* Doc. 4, #60 n.5). As a result, the Court lacked subject-matter jurisdiction to hear the Joneses' claims against Burks at the time of filing. *In re McKenzie*, 716 F.3d 404, 411 (6th Cir. 2013) (describing the *Barton* doctrine as jurisdictional). So the Court likewise dismisses the claims against Burks without prejudice.[8]

---

[8] The Eleventh Circuit has held that the *Barton* doctrine applies only if the suit against the trustee, "could have [a] conceivable effect on the bankruptcy estate." *Tufts v. Hay*, 977 F.3d 1204, 1208–10 (11th Cir. 2020) (holding that the *Barton* doctrine did not bar a suit against a trustee filed after the bankruptcy case was dismissed). But at the time of filing, Derryn-Nicole Jones did have an ongoing bankruptcy proceeding, which has since been dismissed. Order Dismissing Bankr. Case, *In re Derryn Nicole Jones*, Case No. 1:23-bk-10615 (Bankr. S.D. Ohio Jan. 24, 2014), ECF No. 91. Under the Eleventh Circuit's reasoning, the Joneses could refile their complaint, thereby resolving the *Barton* jurisdictional defect. But refiling the same Complaint still would not overcome the PLRA screening hurdle because, as discussed below, the Court finds no clear error in the R&R's conclusion that the Complaint otherwise fails to state a claim for relief.

12

Having addressed the jurisdictional issues, the Court now turns to the merits. To begin, the Court notes that it treats the Joneses' remaining arguments, which are highly general and largely incoherent, as a failure to object. *Miller*, 50 F.3d at 380. The Court therefore reviews the portion of the R&R analyzing the merits of the Joneses' Complaint for clear error. *Redmon*, 2021 WL 4771259, at *1.

Applying that standard, the Court finds no clear error in the R&R's determinations that (1) the Joneses fail to state a claim upon which relief can be granted and (2) Judge Buchanan is entitled to judicial immunity.[9] As to the first, the statements the Joneses put forward have almost no "dates, personal identifiers, or other relevant details that would provide context or support for any claim." (Doc. 4, #59). The R&R therefore correctly found them to be, at best, "the-defendant-unlawfully-harmed-me" accusations. (*Id.* at #60); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (cleaned up)). As to the second, the R&R correctly explains that the suits against Judge Buchanan and Burks in their individual capacities would fail because those Defendants enjoy absolute judicial and quasi-judicial immunity, respectively. (Doc 4, #60–61); *In re McKenzie*, 716 F.3d at 412–13.

---

[9] As explained above, the Complaint appears to initiate a challenge collateral to, rather than acting as an appeal of, the bankruptcy proceedings (that Defendants violated the Joneses' rights during those proceedings). The Complaint is therefore not duplicative of prior suits, even if it is yet another "effort to avoid the state court judgment of foreclosure." (Doc. 4, #56). Accordingly, the Court disagrees with the Magistrate Judge that either preclusion applies.

13

In short, the Court finds no clear error in the R&R's analysis of either issue. So the Court adopts the Magistrate Judge's recommendation to dismiss the Complaint (Doc. 3). Because Judge Buchanan did not act "in complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), the Court dismisses the damages claims against Judge Buchanan in her individual capacity with prejudice. It dismisses all other claims without prejudice.

**B.     The Motion to Disqualify and the Joneses' Objections**

The Court turns next to the Joneses' motion to disqualify Magistrate Judge Bowman. They conclusorily allege that: (1) her impartiality is in question, (2) she harbors bias against a trust and family not parties to this case, (3) she did not dispatch her responsibilities impartially, and (4) she denied all parties "the full right to be heard according to law." (Doc. 6, #97).

Magistrate Judge Bowman denied this motion noting that it lacks "any explanation of how [she] exhibited partiality or 'bias' in a manner that would support disqualification." (Doc. 8, #103 (citing *United States v. Scherer*, 532 F. Supp. 3d 479, 484 (S.D. Ohio 2021))). The Joneses' objections, under Federal Rule of Civil Procedure 72(a), are simply a reiteration of their unintelligible, meritless sovereign-citizen rhetoric that they did not "contract" with the Court, did not consent to have the Magistrate Judge rule on any matters in their case, and are not 14th Amendment Citizens. (Doc. 10; Doc. 11, #124, 126, 128). So they fail for the same reasons discussed above. *See supra* Part A.

14

In accordance with Rule 72(a), the Court reviewed the order denying the motion to disqualify and found no legal error or abuse of discretion. The Court finds that Judge Bowman treated the Joneses fairly and "expended significant judicial resources reviewing multiple records in the many prior proceedings in an effort to appropriately screen [the Joneses'] latest case." (Doc. 4, #56–57). And the Joneses' disagreement with her legal conclusions, based on their misunderstanding of the law, is not evidence of bias. *Scherer*, 532 F. Supp. 3d at 484. The Court therefore overrules the Joneses' objections, (Doc. 10), to the Magistrate Judge's order declining to recuse herself, (Doc 8).

\* \* \*

Finally, because the Joneses are proceeding IFP, the Court must assess, under 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Considering the Complaint suffers from clear jurisdictional issues and otherwise fails to state a claim for relief because it contains only conclusory allegations that Defendants engaged in wrongdoing, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). So the Court certifies that any such appeal would not be in good faith.

## CONCLUSION

Accordingly, the Court **ADOPTS** the R&R (Doc. 4) in large part, **OVERRULES** the Joneses' variously styled objections to the R&R (Docs. 5, 11) and **DISMISSES** this case. More specifically, the Court dismisses the damages claims

against Defendant Judge Buchanan in her individual capacity **WITH PREJUDICE** and all other claims **WITHOUT PREJUDICE**. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith. It therefore **DENIES** the Joneses leave to appeal in forma pauperis. Separately, the Court **OVERRULES** the Joneses' objections (Doc. 10) to the Magistrate Judge's Order (Doc. 8).

As discussed in the R&R, the Joneses have filed extensive litigation over the Larkspur property. (Doc. 4, #50–56). This litigation history shows their tendency to engage in vexatious and harassing behavior, which inappropriately diverts valuable judicial resources to disposing of their meritless filings. For this reason, the Joneses were sanctioned during their most recent stint in bankruptcy proceedings for their "egregious abuse of the bankruptcy system" via multitudinous frivolous filings. *In re Jones*, 2024 Bankr. LEXIS 170, at *17. Should the Joneses continue this record here by filing additional frivolous bankruptcy or civil lawsuits involving the Larkspur property and related proceedings, the Court **WARNS** the Joneses that the Court will exercise its inherent authority to impose sanctions on them, up to and including a declaration that they are vexatious litigants, the imposition of pre-filing requirements, fines, and any other sanction deemed necessary to protect against further abuse of the judicial process.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

July 30, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**